D. Maimon Kirschenbaum
Denise A. Schulman
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**PHYLLYIS REGGIO,**

       **Plaintiff,**

       v.

**DIOCESE OF BROOKLYN AND SAINT
THOMAS THE APOSTLE CATHOLIC
ACADEMY,**

       **Defendants.**
-------------------------------------------------------x

**CASE NO.**

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Equal Pay Act, 29 U.S.C. 206(d) ("EPA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Diocese of Brooklyn (the "Diocese") is a religious organization headquartered in Brooklyn, New York.

4. Defendant Saint Thomas the Apostle Catholic Academy ("St. Thomas") is a Catholic school located in Queens, New York.

5. Plaintiff Phyllis Reggio was employed by Defendants as the principal of St. Thomas from 2017 to August 15, 2019. Plaintiff is a woman.

6. Defendants are part of a single integrated enterprise that jointly employed Plaintiff.

7. The Diocese handles initial recruiting of principal candidates for Catholic schools in Brooklyn and Queens, including St. Thomas. Only candidates approved by the Diocese can be hired as principals.

8. The Diocese's Office of the Superintendent oversees Catholic schools in Brooklyn and Queens, including St. Thomas, in numerous ways, including handling human resources functions, setting curriculum, monitoring budgets, contributing funding, and supervisory support.

9. The Diocese also provides professional development programs for principals of Catholic Schools in Brooklyn and Queens, which Plaintiff participated in.

10. As principal, Plaintiff had to adhere to numerous rules and procedures established by the Diocese.

11. In lieu of a Board of Directors, during Plaintiff's employment, St. Thomas was directly governed by the Diocese's deputy superintendent, Joan McMaster.

12. St. Thomas issued Plaintiff's paychecks.

## FACTS

13. Plaintiff has over three decades of experience as an educator, including as an administrator, trainer, and teacher.

14. Plaintiff also has an Ed.D. and two master's degrees, in library science and secondary education.

15. In 2017, Defendants hired Plaintiff to be the principal of St. Thomas.

16. When Plaintiff discussed her salary requirements with Ms. McMaster in 2017, Plaintiff asked for a salary over $90,000. This request reflected Plaintiff's extensive experience and was in fact less than her salary in her prior full-time position, which was $120,000.

17. However, Ms. McMaster told Plaintiff that Defendants could only pay her $75,000. Plaintiff accepted the job at that salary.

18. Defendants never raised Plaintiff's salary. She was paid $75,000 for the two years of her employment.

19. Plaintiff notified Defendants in May 2019 that she would retire in August 2019.

20. Defendants hired Thomas Piro, a man, to replace Plaintiff as St. Thomas's principal. Like Plaintiff, Mr. Piro has decades of experience as an educator and multiple advanced degrees.

21. Despite the comparable backgrounds of Plaintiff and Mr. Piro, Defendants hired Mr. Piro at a salary of $90,000, $15,000 higher than Plaintiff's salary.

22. Plaintiff learned of Mr. Piro's salary in July 2019 when St. Thomas's accountant sent Plaintiff, who was still St. Thomas's principal, the school's budget.

23. Plaintiff was shocked to see that Mr. Piro would be paid so much more than her.

24. She asked the school's accountant why Mr. Piro was hired at a $90,000 salary when her salary was only $75,000 and the school had a significant budget deficit.

25. The accountant stated that Mr. Piro was receiving the higher salary because he was not taking any benefits, such as health insurance, from the school. This answer did not make any sense. Plaintiff never took benefits from the school either, which Plaintiff pointed out to the accountant.

## FIRST CLAIM FOR RELIEF
### Federal Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d), 216(b)

26. Plaintiffs realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

27. Defendants have discriminated against Plaintiff within the meaning of the Equal Pay Act of 1963, 26 U.S.C. §§ 206 *et seq.*, by paying her less than similarly situated male colleagues even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male counterparts.

28. The differential in pay between male and female employees is/was not due to seniority, merit, quantity or quality of production, or a factor other than sex.

29. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

30. Plaintiff seeks all legal and equitable remedies available for violations of the EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York State Equal Pay Act ("NY EPA"),
### N.Y. Lab. Law §§ 194, 198

31. Plaintiffs realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. Defendants have discriminated against Plaintiff within the meaning of the New York Equal Pay Act, N.Y. Lab. Law § 194, by paying her less than similarly situated male colleagues even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility as her male counterparts.

33. The differential in pay between male and female employees is/was not due to seniority, merit, quantity or quality of production, or a bona fide factor other than sex.

34. The foregoing conduct constitutes a willful violation of the New York EPA within the meaning of N.Y. Lab. Law 198(1-a).

35. Plaintiff seeks all legal and equitable remedies available for violations of the NY EPA, including unpaid compensation, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York City Human Rights Law ("NYCHRL") Discrimination,
### N.Y.C. Admin. Code §§ 8-101 *et seq.*

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37. Defendants have discriminated against Plaintiff on the basis of her gender by paying her less than similarly situated male employees.

38. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

39. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for economic loss, emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

40. The New York City Commission on Human Rights will be notified and sent a copy of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including, back pay, front pay, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

| | |
|---|---|
| Dated: New York, New York<br>December 11, 2019 | Respectfully submitted,<br><br>JOSEPH & KIRSCHENBAUM LLP<br><br>By: /s/ Denise A. Schulman<br>Denise A. Schulman<br>D. Maimon Kirschenbaum<br>32 Broadway, Suite 601<br>New York, NY 10004<br>Tel: (212) 688-5640<br>Fax: (212) 981-9587<br><br>*Attorneys for Plaintiff* |

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.